FILED
U.S. District Court
District of Kansas
08/07/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KATSIARYNA BARTKO,
A# 232 272 967,
*Petitioner,*

v.

MISTY MACKEY, Warden/Facility Administrator, Midwest Regional Reception Center; SAMUEL OLSON, Field Office Director, ICE ERO Chicago Field Office, or his successor in office; TODD M. LYONS, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; and KRISTI NOEM, Secretary of Homeland Security, each in official capacity,
*Respondents.*

Case No. 26-3290-JWL

VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

EMERGENCY TRO REQUESTED

Petitioner Katsiaryna Bartko ("Ms. Bartko"), appearing pro se, detained in civil immigration custody, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 and seeks prospective relief under the Fifth Amendment. She challenges the legality of her continued custody under the extraordinary medical circumstances pleaded below. In the alternative, she seeks narrowly tailored relief necessary to prevent imminent serious harm while this action is adjudicated.

## I. PARTIES

**1.** Ms. Bartko is a 33-year-old citizen of Belarus, A# 232 272 967, detained at the Midwest Regional Reception Center ("MRRC"), a CoreCivic facility in Leavenworth, Kansas. She is a civil immigration detainee with no criminal conviction.

**2.** Respondent Misty Mackey is the Warden/Facility Administrator of MRRC and Ms. Bartko's immediate custodian; she is named in her official capacity for habeas and prospective relief.

**3.** Respondent Samuel Olson is the Field Office Director of the ICE Enforcement and Removal Operations Chicago Field Office, whose area of responsibility includes Kansas; he (or his successor in office, automatically substituted under Fed. R. Civ. P. 25(d)) exercises authority over Ms. Bartko's immigration custody and is named in official capacity for prospective relief.

**4.** Respondents Todd M. Lyons, Senior Official Performing the Duties of the Director of ICE, and Kristi Noem, Secretary of Homeland Security, are named in their official capacities solely for prospective relief necessary to ensure compliance by ICE and DHS.

## II. JURISDICTION AND VENUE

**5.** This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) because Ms. Bartko is in federal custody and alleges that continued custody violates the Constitution and laws of the United States, and under 28 U.S.C. § 1331 over her claim for prospective equitable relief under the Fifth Amendment.

**6.** Ms. Bartko does not challenge a final order of removal; none exists. She does not ask this Court to adjudicate removability, asylum eligibility, or any discretionary immigration judgment barred from review by 8 U.S.C. § 1226(e).

**7.** Venue and territorial habeas jurisdiction are proper because Ms. Bartko is confined in Leavenworth, Kansas, and her immediate custodian is located in this District.

## III. EXHAUSTION AND RIPENESS

**8.** On June 29, 2026, counsel sought custody redetermination under 8 U.S.C. § 1226(a). On July 22, 2026, the Immigration Judge denied release, finding solely that Ms. Bartko "poses a risk of flight" based on her interstate relocations, purportedly limited community ties, and an asserted failure to disclose her connection to her proposed sponsor. The order makes no finding of dangerousness and does not address, in any respect, the medical evidence submitted with her bond motion (Exhibit D thereto: records of three emergency hospitalizations). DHS waived appeal. [Ex. D]

**9.** Ms. Bartko has therefore presented the ordinary request for release to the immigration court. A BIA bond appeal has been reserved (due August 21, 2026), but it cannot provide timely relief from the immediate medical risk described below, does not stay the ongoing deterioration, and cannot compel emergency treatment at MRRC.

**10.** Section 2241 contains no statutory exhaustion requirement. Any prudential exhaustion should be excused because the asserted injury is imminent and potentially irreparable, the bond forum cannot grant the medical relief requested in the alternative, and delay would defeat the purpose of emergency relief.

## IV. FACTUAL ALLEGATIONS

### A. Immigration and custody history

**11.** Ms. Bartko entered the United States on March 5, 2022, in F-1 status after inspection and admission. She filed an affirmative Form I-589 asylum application on February 2, 2023; USCIS accepted it on February 3, 2023. Her removal proceedings remain pending before EOIR.

**12.** ICE took Ms. Bartko into civil immigration custody on June 4, 2026, after a Florida misdemeanor case was dismissed without a conviction. The Notice to Appear charges only failure to maintain F-1 status under 8 U.S.C. § 1227(a)(1)(C)(i). The merits of that charge are reserved for the immigration court and are not presented for decision here.

**B. Life-sustaining treatment**

**13.** After thyroid cancer, Ms. Bartko underwent a total thyroidectomy. She has no thyroid gland and requires uninterrupted thyroid-hormone replacement. She also has post-surgical hypoparathyroidism and chronic hypocalcemia requiring calcitriol and calcium according to her prescribed regimen.

**14.** Before detention, laboratory testing on March 10, 2026 showed a stable thyroid baseline, including TSH of 0.55 mIU/L, on her prescribed outpatient regimen. [Ex. C]

**C. Repeated deterioration in custody**

**15.** On June 6, 2026, after disruption of her treatment in custody, Ms. Bartko was taken to an emergency department with critically low ionized calcium of 0.90 mmol/L (ref. 1.18–1.38) and total calcium of 7.3 mg/dL. She received intravenous calcium gluconate. She returned to emergency care on June 8 and June 9, 2026 — three emergency presentations within four days. [Ex. C]

**16.** During transfer to Kansas in mid-June, Ms. Bartko again went approximately 72 hours without her full prescribed regimen. On June 21, 2026, a facility physician evaluated her through a Russian interpreter and, per her contemporaneous report, confirmed her protocol, her risk of another life-threatening crisis, and her urgent need for oncology and endocrinology evaluation. On June 22 she experienced carpopedal spasm, voice disturbance, tingling, weakness, and difficulty breathing.

**17.** MRRC's own records, produced June 25, 2026, state that medication previously issued to Ms. Bartko was removed from her room on June 23, 2026, show repeated medication re-orders, and show an ordered repeat ionized-calcium test that was never performed. Ordered specialist referrals — including the oncology referral entered June 21, 2026 and held for “Financial Authorization” — remain uncompleted. [Ex. C]

**18.** Per Ms. Bartko's consistent reports from detention, levothyroxine was not administered to her from approximately June 23 through July 10, 2026 — more than three weeks.

**19.** Laboratory results reported July 14, 2026 (resulted 11:42 a.m., electronically signed by Annette Sanders) showed TSH 86.76 mIU/L (ref. 0.40–4.50) — roughly twenty times the upper limit; total T4 2.2 µg/dL (ref. 5.1–11.9) — less than half the lower limit; and free T4 index 0.6 (ref. 1.4–3.8), against her stable March baseline. The facility released the report only to Ms. Bartko herself and has refused to produce it to her representatives; the values are recorded from her direct reading of the report, and her copy is attached at Exhibit B. In a patient with no thyroid gland, these findings arose in custody and are consistent with severe, essentially untreated thyroid-hormone deficiency. [Ex. B]

**20.** Dr. Sarah Raza, a physician in the Physicians for Human Rights network, reviewed the records and has executed a declaration addressing the seriousness of Ms. Bartko's condition, the substantial risks created by interruption of her prescribed regimen — including progression toward myxedema and myxedema coma — and the treatment and monitoring that must be restored promptly. [Ex. A]

**21.** ICE, MRRC medical staff, and facility administrators received notice of the diagnosis, medication requirements, emergency visits, and abnormal laboratory values through medical records transmitted June 19 and June 25, 2026, written communications, and direct requests. On July 17, 2026, her counsel warned the facility in writing that "something serious is going to happen to Ms. Bartko" and asked that an endocrinologist attend her; on July 18 the facility's Health Services Administrator replied that she "is getting the proper dosage and the proper route of medication" and that she would "talk to the ice people about an endocrinologist" — while the July 14 laboratory results sat in the facility's own records. Despite that notice, material interruptions and delays continued. [Ex. G]

**21A.** On July 20, 2026, the facility's Health Services Administrator confirmed in writing that the July 14 report had been "released to Ms. Bartko," invoked a "corporate policy" of up to 60 days to produce records, and directed her representative to send no further requests. On July 24, 2026, the facility's medical records clerk refused a records request from Ms. Bartko's attorney of record outright, stating she had "been advised that all requests for Detainee Bartko are to be addressed only to the ICE office." The facility has singled Ms. Bartko out by name for the withholding of her own medical records during a documented medical emergency. [Ex. G, H]

**21B.** On July 21, 2026 — the eve of her bond hearing — DHS filed with the Immigration Court its Form I-213 Record of Deportable/Inadmissible Alien and I-831 continuation, prepared May 6, 2026, stating: "MEDICAL PROBLEMS: None known." [Ex. F]. By then, Ms. Bartko had been

hospitalized three times in ICE custody; her complete medical history had twice been transmitted to her custodians; and her medical records were filed in the very same bond record. In the eleven weeks between the form's preparation and its filing, the agency never updated its custody record to reflect the life-threatening condition documented throughout its own file. Respondents' operative records thus describe a patient with no thyroid gland, three emergency hospitalizations, and a TSH of 86.76 mIU/L as having no known medical problems.

## V. CLAIMS FOR RELIEF

### COUNT I — HABEAS: CONTINUED CUSTODY IS UNCONSTITUTIONAL AS APPLIED

**22.** Ms. Bartko incorporates the preceding allegations.

**23.** Civil immigration detention must remain reasonably related to legitimate non-punitive purposes. Following the July 22, 2026 order, Ms. Bartko's custody rests solely on a flight-risk rationale — the Immigration Judge made no finding of dangerousness. Ms. Bartko does not ask this Court to reweigh discretionary bond factors. She challenges whether the Government may continue physical custody when repeated, documented treatment failures create an imminent substantial risk to life and when less restrictive conditions — supervision, electronic monitoring, reporting, and her consent to remain within this District — fully serve the Government's appearance-related interests.

**24.** Under the exceptional facts pleaded here, release is the only effective habeas remedy if Respondents cannot provide reliable, uninterrupted treatment and appropriate monitoring. Continued custody without such capacity is arbitrary and punitive in violation of the Fifth Amendment.

### COUNT II — FIFTH AMENDMENT: DELIBERATE INDIFFERENCE AND PUNITIVE CONDITIONS (PROSPECTIVE RELIEF ONLY)

**25.** Ms. Bartko incorporates the preceding allegations.

**26.** Ms. Bartko has objectively serious medical needs. Responsible officials had actual notice of those needs and of the substantial risks created by interrupted treatment, through emergency hospitalizations, abnormal laboratory values, physician orders, records, and repeated written requests and warnings.

**27.** Despite that notice, Respondents and persons acting under their authority failed to ensure timely administration of prescribed medication, necessary monitoring, and clinically indicated

escalation of care; withheld her medical records; and maintained custody records describing her as having no known medical problems. These failures were not a single negligent error; they recurred across weeks, after documented crises and warnings.

**28.** These conditions amount to punishment and deliberate indifference prohibited by the Fifth Amendment. Ms. Bartko seeks prospective relief only, not damages.

## VI. CONSENT TO CONDITIONS OF RELEASE

**29.** Ms. Bartko consents in advance to any combination of release conditions, including remaining within the District of Kansas or at such location as ICE may direct, electronic monitoring, and regular reporting. She affirmatively seeks to appear at every hearing in her immigration case — her pending asylum application is her only protection from persecution in Belarus — and she will not seek a change of venue of those proceedings. Each concern recited in the July 22 order is answerable by conditions short of detention: her joint residential lease [Ex. K], her sponsor's notarized letter [Ex. J], her community support [Ex. L], and her willingness to remain in Kansas eliminate any rational flight-risk basis for continued physical custody.

## VII. PRAYER FOR RELIEF

Ms. Bartko respectfully requests that the Court:

(a) issue the writ and order her immediate release under reasonable conditions of supervision, without monetary bond, if Respondents cannot demonstrate an immediate and reliable plan to provide the treatment and monitoring established by the medical evidence;

(b) pending final adjudication, enjoin Respondents to provide every currently prescribed medication at the prescribed dose and time without interruption; to complete comprehensive thyroid and calcium laboratory testing and serial monitoring until her values stabilize; to obtain prompt review by a qualified endocrinology provider with re-titration of her regimen; to complete the oncology consultation ordered June 6 and entered June 21, 2026; and, if clinically indicated, to transport her to a hospital or other medical treatment facility — for medical treatment only, with prompt notice to her counsel or designated representative, without transfer of her custody to any other detention facility, and without effect on this Court's jurisdiction over this petition;

(c) require production to Ms. Bartko's counsel or designated representative, within 24 hours, of her medication-administration record from June 21, 2026 forward and the July 14, 2026 laboratory report, and enjoin further obstruction of access to her medical records under her valid authorizations;

(d) require advance notice to the Court and to her counsel or designated representative before any non-emergency transfer outside this District, while permitting emergency medical transport;

(e) declare that the challenged custody and conditions violate the Fifth Amendment to the extent proved; and

(f) grant costs and any other relief the Court deems just and proper.

**VERIFICATION**

I, Katsiaryna Bartko, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read this petition or had it read to me; that the factual statements based on my personal knowledge are true and correct; and that statements based on records are true and correct to the best of my knowledge after review of those records.

Executed on 31 July, 2026, at Leavenworth, Kansas.

I further declare that I placed this petition and its attachments in the facility's internal mail system, first-class postage prepaid, on 31 July, 2026.

Respectfully submitted,

[signature] Date: 31 July 2026

Katsiaryna Bartko, Petitioner, pro se
A# 232 272 967
Midwest Regional Reception Center
100 Highway Terrace, Leavenworth, KS 66048

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Verified Petition for Writ of Habeas Corpus and its attachments has been or is being served by U.S. mail, through my designated representative Dmytro Shyshov (+1 (786) 813-6248, dmitry.shishov@gmail.com), upon: (1) the United States Attorney for the District of Kansas, Civil Division, 500 State Avenue, Suite 360, Kansas City, KS 66101; (2) Misty Mackey, Warden/Facility Administrator, Midwest Regional Reception Center, 100 Highway Terrace, Leavenworth, KS 66048; and (3) U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor.

Katsiaryna Bartko

Date: 31 July 2026

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL

PRIORITY MAIL MEDIUM FLAT RATE BOX

US POSTAGE IMI PITNEY BOWES
ZIP 66048 $ 024.80⁰
02 7H
0006233039 AUG 03 2026

TED STATES TAL SERVICE. Retail

US POSTAGE PAID
$0.00
Origin: 66048
08/03/26
1950380593-2

PRIORITY MAIL®

3 Lb 1.80 Oz
RDC 03

TED DELIVERY DAY: 08/05/26

C048

500 STATE AVE
KANSAS CITY KS 66101-2448

USPS TRACKING® #

9505 5154 1992 6215 0731 57

...use.
...f insurance (restrictions apply).*
...any international destinations.
...tion form is required.
...g claims
...om.
...ailability and

...X

CKED ■ INSURED

NOTICE: This Correspondence was mail... ...stitution. it's contents are uncensored.

FROM:
Katsiaryna Bartko
A# 232272967

Midwest Regional Reception Cente
100 Highway Terrace
Leavenworth, KS 66048

TO:
US District Court of KS
500 State Ave
Kansas City, KS 66101