**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KATSIARYNA BARTKO,**

**Petitioner,**

**v.**

**MISTY MACKEY, et al.,**

**Defendants.**

**Case No. 26-3290-DDC**

# MEMORANDUM AND ORDER

Petitioner Katsiaryna Bartko has filed a pro se habeas petition under 28 U.S.C. § 2241. Doc. 1. And she's moved for a temporary restraining order and preliminary injunction. Doc. 2. The court has set the motion for a hearing on September 4, 2026. Petitioner has asked the court to appoint her counsel. Doc. 15 at 1. The court, as explained below, grants the motion. It begins with a preliminary consideration about construing the case.

Though petitioner filed this case as a habeas action and paid the habeas filing fee, respondents argue that this isn't a habeas case. Doc. 8 at 6. Instead, according to respondents, this is a civil-rights case. *Id.* The court needn't decide this issue at this juncture, however, because it concludes that it should appoint counsel whether this is a habeas case or a civil-rights one.

Start with habeas. "A judge may appoint counsel for a § 2241 petitioner if he 'determines that the interests of justice so require.'" *Pinson v. Berkebile*, 601 F. App'x 611, 615 (10th Cir. 2015) (quoting 18 U.S.C. § 3006A(a)(2)(B)). With a habeas petition brought under 28 U.S.C. § 2254 or a motion to vacate brought under 28 U.S.C. § 2255, a petitioner or movant

has a right to counsel if the court sets an evidentiary hearing. *See* Rule 8(c), Rules Governing Section 2254 Cases and Section 2255 Proceedings. The court doesn't see why it should treat an evidentiary hearing in a § 2241 case any differently. *See Pinson*, 601 F. App'x at 615–16 (implying that evidentiary hearing on § 2241 motion would require appointment of counsel). And so, even though the rules governing habeas proceedings don't explicitly require the court to appoint counsel, the reasoning applies here with equal force. The court concludes that the interests of justice require appointment.

Next, consider the standard in a civil case. District courts have discretion when deciding whether to appoint counsel in civil cases. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). When making that decision, our Circuit has suggested that the court consider the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quotation cleaned up). Here, all factors suggest that the court should appoint counsel. Petitioner brings a viable deprivation-of-medical-care claim, and she raises serious concerns about the medical treatment she's receiving in detention. Petitioner has managed to present her claims in coherent fashion, but—as best the court can tell—much of that effort comes from her "designated representative" who doesn't appear to be a lawyer and thus can't represent petitioner at the hearing. What's more, this case presents complex questions of constitutional law and involves complex medical problems. In short, petitioner needs a lawyer.

So, no matter whether this is a habeas petition or a civil-rights case, the court concludes that petitioner is entitled to counsel. The court notes that both the habeas standard and the civil-rights standard include a question of finances. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 1915(e)(1). But the court doesn't have much information about petitioner's finances.

Petitioner's motion represents that she "is detained and without means to retain counsel" and has offered to submit a financial affidavit. Doc. 15 at 1.

The court finds itself in a quagmire. Petitioner is detained, which makes it difficult to communicate with her and impossible to know how long it would take to get the necessary financial information to the court. Petitioner speaks Russian and requires an interpreter, which adds another layer of communication difficulty. And petitioner's medical condition is serious; it's undisputed that her latest test results from August 11 show worsening thyroid levels. Petitioner's medical situation thus warrants expedited consideration of the case. The court needs to have a hearing—quickly—and it finds the thought of petitioner representing herself at that hearing unacceptable. The court thus appoints counsel despite a lack of information about petitioner's financial situation.[1]

The court appoints the following attorneys in this case:

Rekha Sharma-Crawford & William Hanna
Sharma-Crawford Attorneys at Law
515 Avenida Cesar Chavez
Kansas City, MO 64108

These attorneys have the court's sincere thanks for their willingness to accept the appointment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner's Motion for Appointment of Counsel (Doc. 15) is granted.

**IT IS FURTHER ORDERED THAT** Rekha Sharma-Crawford and William Hanna are appointed to represent petitioner.

**IT IS SO ORDERED.**

[1] Petitioner has offered to submit a financial affidavit, Doc. 15 at 1, and should do so as soon as practicable. The court's form for an affidavit of financial status is available on the court's website, at https://www.ksd.uscourts.gov/sites/ksd/files/Affidavit-Of-Financial-Status.pdf.

**Dated this 31st day of August, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**